```
                IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|                              |   |                              |
|------------------------------|---|------------------------------|
| MELVIN JOHNSON,              | ) |                              |
|                              | ) |                              |
|     Petitioner,              | ) |                              |
|                              | ) | Cv. No. 16-cv-2517-SHM-tmp   |
| v.                           | ) | Cr. No. 07-cr-20041-SHM      |
|                              | ) |                              |
| UNITED STATES OF AMERICA,    | ) |                              |
|                              | ) |                              |
|     Respondent.              | ) |                              |

**ORDER**

Before the Court is Petitioner Melvin Johnson's, Prisoner No. 21790-76, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"), filed on June 24, 2016. (§ 2255 Mot., ECF No. 1.)[1] Johnson challenges his sentence in criminal case no. 07-20041. He argues that the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015) -- invalidating the residual clause in 18 U.S.C. § 924(e) -- invalidates the similarly worded residual clause in 18 U.S.C. § 924(c)(3)(B), and thus that his underlying robbery offenses are not predicate offenses under § 924(c). (§ 2255 Mot. Addendum, ECF No. 1-1.)

---

[1] Unless otherwise noted, page citations to the record refer to the "PageID" number. Citations to "Cr. ECF" refer to criminal case United States v. Johnson, No. 07-cr-20041-SHM (W.D. Tenn.), and citations to "ECF" refer to this civil action.

The Government responded on October 20, 2017. (ECF No. 8.) Johnson has not filed a response.

For the following reasons, Johnson's § 2255 Motion is DENIED.

**I.  Background**

On February 1, 2007, a grand jury charged Johnson with two counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951; three counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of aiding and abetting robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951. (Indictment, Cr. ECF No. 1.)  A Superseding Indictment was returned on September 25, 2008. (Superseding Indictment, Cr. ECF No. 68.)  The Superseding Indictment charged Johnson with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); two counts of aiding and abetting robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951; five counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951; and five counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  (Id.)

On June 22, 2009, Johnson pled guilty to one count of aiding and abetting robbery affecting interstate commerce, in

violation of 18 U.S.C. § 1951; five counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951; and two counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (See Cr. ECF No. 118.)

At sentencing, Johnson was not an armed career criminal under the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e). (See Presentence Investigation Report ("PSR") ¶ 70.) Johnson qualified as a career offender. (Id.) The PSR recommended an offense level enhancement from 35 to 37, pursuant to U.S. Sentencing Commission Guidelines (the "U.S.S.G.") § 4B1.1(b)(A). (Id.)

Johnson was sentenced to 475 months imprisonment, and the remaining charges against Johnson were dismissed. (Judgment, Cr. ECF No. 151.)

Judgment was entered on March 8, 2010. (Cr. ECF No. 151.) Johnson did not file a direct appeal.

On June 24, 2016, Johnson filed the § 2255 Motion. (ECF No. 1.) The Government responded on October 20, 2017. (ECF No. 8.) Johnson has not filed a reply, and the deadline to do so has passed. (See ECF No. 7.)

**II. Timeliness**

A § 2255 motion and any amendments or supplements to it must be filed within § 2255(f)'s one-year statute of limitations.  See, e.g., Berry v. United States, No. 2:14-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017).  Under § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final."  A conviction becomes final upon conclusion of direct review.  Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004).  Under § 2255(f)(3), a petitioner may alternatively bring a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court."

Johnson was decided on June 26, 2015.  In Welch v. United States, the Supreme Court found that Johnson announced a new substantive rule that has retroactive effect in cases on collateral review.  136 S.Ct. 1257, 1265 (2016).  A claim for relief based on the invalidated language in the ACCA is timely if filed within a year of Johnson.  Johnson's request for Johnson relief was on June 24, 2016.  Johnson's Johnson claim is timely.

**III. Legal Standard**

Johnson seeks relief under 28 U.S.C. § 2255. (§ 2255 Mot.) Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" McPhearson v. United States, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

5

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After a petitioner files a § 2255 motion, the court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ." Rules Governing Section 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules") at Rule 4(b). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id. The § 2255 movant is entitled to reply to the government's response. Id. at Rule 5(d). Where the court considering the § 2255 motion also handled the earlier proceedings at issue (e.g., the change of plea and the sentencing hearing), the court may rely on its recollection of the proceedings. See, e.g., James v. United States, No. 3:13-01191, 2017 WL 57825, at *1 (M.D. Tenn. Jan. 4, 2017) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

6

**IV. Analysis**

Johnson argues that he is entitled to relief under Johnson. (§ 2255 Mot., ECF 1.) He contends that Johnson compels the conclusion that the residual clause of § 924(c)(3) is unconstitutionally vague because the language is substantially similar to the language invalidated in Johnson.[2] (Addendum, ECF No. 1-1 at 16-17.) That argument fails. The Sixth Circuit has held that Johnson did not invalidate the residual clause in § 924(c)(3)(B). See United States v. Taylor, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that Johnson effectively invalidated (the former) is ... without merit"). Johnson provides Johnson no relief. Johnson's § 2255 Motion is DENIED.

---

[2] Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 180 months in prison. 18 U.S.C. § 924(e)(1). Without the prior qualifying convictions, a defendant convicted under § 922(g) is subject to a statutory maximum sentence of 120 months. Id. § 924(a)(2).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause"); or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). Id. § 924(e)(2)(B).

In Johnson, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563.

## V. Appealability

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Johnson is not entitled to relief under Johnson. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

Because Johnson is clearly not entitled to relief, the Court denies a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any

appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is DENIED.[3]

**VI.  Conclusion**

For the foregoing reasons, Johnson's § 2255 Motion is DENIED.

So ordered this 20th day of December, 2017.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[3] If Johnson files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.